*Denied.*
*Medved Defendants responsive pleading is due on or before May 27, 2011.*

*Andrew Macdel 5-17-11*

| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, COLORADO<br><br>Court Address: 1777 6th Street, Boulder, CO 80306<br><br>**Plaintiff**: RONALD M. WARNER & BARBARA WARNER,<br><br>vs.<br><br>**Defendants**: BANK OF AMERICA, NA, BANK OF AMERICA NA AS SUCCESSOR BY MERGER TO LASALLE BANK NA AS TRUSTEE FOR WASHINGTON MUTUAL MORTGAGE PASS-THROUGH CERTIFICATES WAMU SERIES 2007-OA4 TRUST, CHASE, JPMORGAN CHASE BANK, NA, JPMORGAN CHASE & CO, WASHINGTON MUTUAL BANK FKA, LAW OFFICE OF MICHAEL P. MEDVED, P.C., MICHAEL P. MEDVED, HEATHER L. DEERE. | EFILED Document<br>CO Boulder County District Court 20th JD<br>Filing Date: May 17 2011 4:46PM MDT<br>Filing ID: 37648054<br>Review Clerk: N/A<br><br><br><br>**COURT USE ONLY** |
| Attorneys for Law Office of Michael P. Medved, P.C., Michael P. Medved and Heather L. Deere<br><br>Attorney: Michael P. Medved, #14669<br>Heather L. Deere, #28597<br>Law Office of Michael P. Medved, P.C.<br>355 Union Blvd., Suite 302<br>Lakewood, COLORADO 80228<br>Telephone: (303) 274-0155<br>Fax: (303) 274-0159<br>E-Mail: info@medvedlaw.com | Case Number: 11CV342<br>Div. 5 |
| **COMBINED MOTION TO QUASH SERVICE OF PROCESS AND SUMMONS** | |

The Law Office of Michael P. Medved, P.C., Michael P. Medved and Heather L. Deere ("Medved Defendants"), by and through their attorney, the Law Office of Michael P. Medved, P.C., appears specially and on a limited basis for the purpose of filing its motion to quash the alleged service of process upon the Law Office of Michael P. Medved, P.C., Michael P. Medved and Heather L. Deere and to quash the summons issued pursuant to C.R.C.P. Rule 12(b), and as grounds therefore state as follows:

1. As this motion is made pursuant to C.R.C.P. Rule 12 (b), there is no duty to confer. See Committee Comments to C.R.C.P. 121 Section 1-15 stating that the duty to confer is not required in all cases. In this case, conferring would not be appropriate prior to a motion to quash service of process and insufficiency of process.

2. That the Plaintiffs in this action have filed a Petition or Complaint naming Law Office of Michael P. Medved, P.C., Michael P. Medved and Heather L. Deere as Defendants on April 4, 2011.

3. Nothing in this Motion is an entry of appearance in this civil action by the Medved Defendants or a consent to the jurisdiction of the Court by the Medved Defendants. This Motion is for the limited purpose of presenting C.R.C.P. Rule 12(b) defenses to service of process, process and jurisdiction.

4. The Medved Defendants have reviewed the "summons" allegedly issued by the Boulder County Clerk of Court and filed by the Plaintiffs on April 4, 2011. The Medved Defendants argue that the summons is defective pursuant to C.R.C.P. Rule 4(c). C.R.C.P. Rule 4(c) requires that a summons be directed to the defendant being served. A review of the "summons" filed on April 4, 2011 shows that the document issued by the Boulder County Clerk of Court is in fact directed to "All Listed Above". The "summons" is not directed to any particular named defendant, just "All Listed Above". A summons pursuant to C.R.P. Rule 4 must contain all that is required by that Rule. *Fletcher v. District Court, 137 Colo. 143 (1958)*.

5. The requirement that a summons be directed to a particular defendant is essential in a case containing numerous defendants to insure that there is proper service of process upon all defendants and that all defendants have proper notice of the action being brought against them. The Plaintiffs' complaint lists 9 defendants, including some defendants in which the Medved Defendants have represented as counsel in the past. There is no indication as to who the Plaintiffs were attempting to serve by the "summons" that was left at the Law Office of Michael P. Medved, P.C. Were the Medved Defendants being served personally or in their capacity as past counsel to other defendants? The failure of the "summons" to indicate which defendant is being served creates reasonable confusion on the part of the Medved Defendants which is prejudicial to the Medved Defendants as well as the other defendants.

6. That the defects in the "summons" outlined in Paragraphs 3 and 4 show sufficient grounds to quash the :summons" as insufficient pursuant to C.R.C.P. Rule 4 (c) and Rule 12 (b).

7. Further, the alleged service of process upon the Medved Defendants is defective and insufficient C.R.C.P. Rule 4(e) and service should be quashed pursuant to C.R.C.P. Rule 12(b).

8. That C.R.C.P. Rule 4 (e) states that service of process upon a natural person is had by personally delivering a copy of the Summons issued pursuant to C.R.C.P. Rule 4(b) along with a copy of the complaint to the person. A person can be served at the person's usual place of abode or at the person's usual work place. If service is at a person's usual work place, service can be had by leaving it with the person's secretary, administrative assistant, bookkeeper or managing agent, or by such person designated to receive service of process.

9. As to Defendant Michael P. Medved, service of process was insufficient and therefore void and does not confer jurisdiction over Mr. Medved. The Plaintiffs in this matter did not obtain personal service upon Michael P. Medved as required by C.R.P. Rule 4(e)(1). Upon information and belief, a copy of the "summons" described above was left at the front desk

of the Law Office of Michael P. Medved, P.C.'s receptionist. Mr. Medved was not personally delivered the "summons" nor was the "summons" delivered to Mr. Medved's secretary, administrative assistant, bookkeeper or managing agent. Mr. Medved has not designated any other person to accept service on his behalf. Delivery of a summons to a front desk receptionist is not sufficient pursuant to C.R.C.P. Rule 4 (e)(1) and should be quashed pursuant to C.R.C.P. Rule 12(b).

10. As to Defendant Heather L. Deere, service of process was insufficient and therefore void and does not confer jurisdiction over Ms. Deere. The Plaintiffs did not obtain personal service upon Heather L. Deere as required by C.R.P. Rule 4(e)(1). Upon information and belief, a copy of the "summons" described above was left at the desk of the Law Office of Michael P. Medved, P.C.'s receptionist. Ms. Deere was not personally delivered the "summons" nor was the "summons" delivered to Ms. Deere's secretary, administrative assistant, bookkeeper or managing agent. Ms. Deere has not designated any other person to accept service on his behalf. Delivery of a summons to a front desk receptionist where Ms. Deere is employed is not sufficient pursuant to C.R.C.P. Rule 4 (e)(1) and should be quashed pursuant to C.R.C.P. Rule 12(b).

11. As to Defendant Law Office of Michael P. Medved, P.C., service of process was insufficient and is therefore void and does not confer jurisdiction over the Law Office of Michael P. Medved, P.C. The Law Office of Michael P. Medved, P.C. is a professional corporation and pursuant to C.R.C.P. Rule 4 (e)(4), service of process upon a corporation must be upon an officer of the corporation or its registered agent. Upon information and belief, copies of the "summons" were left at the corporation's front reception desk. The "summons" was not served upon an officer of the corporation or upon the corporation's registered agent. As the service of process upon the Law Office of Michael P. Medved, P.C. was insufficient pursuant to C.R.C.P. Rule (e)(4), the service of process should be quashed pursuant to C.R.C.P. Rule 12(b).

12. As the service of process against all the Medved Defendants s insufficient and the alleged summons itself is insufficient, this Court does not have jurisdiction over the Medved Defendants. While the Medved Defendants have knowledge of this action, knowledge of an action is not a substitute for service of process in accordance with Colorado Rules of Civil Procedure. *Weber v. Williams, 137 Colo. 269 (1958)*.

WHEREFORE, The Medved Defendants respectfully requests that the Court enter an order quashing the service of process therein due to insufficiency of service of process pursuant to the rules of civil procedure, quash the summons issued on April 4, 2011, and awarding unto the Medved Defendant their reasonable attorney's fees and costs incurred herein, and for such further relief as the Court deems proper.

Dated: April 25, 2011

LAW OFFICE OF MICHAEL P. MEDVED, P.C.

By /s/ Heather L. Deere
    Heather L. Deere, #28597

Pursuant to C.R.C.P. 121, 1-26(9), original signature on file at the Law Office of Michael P. Medved, P.C. and made available for inspection upon request

    I certify that on April 25, 2011, I have mailed a copy of the Combined Motion to Quash Service of Process and Summons, with postage prepaid, to all persons named in the following list at the addresses set forth.

Ronald M. Warner
Barbara Warner
365 Evans St.
Erie, CO 80516


By /s/ Heather L. Deere
Heather L. Deere

09-915-13307