DISTRICT COURT, COUNTY OF BOULDER, COLORADO

20TH JUDICIAL DISTRICT

2011 JUN 20 PM 2:01

Court Address: 1777 Sixth Street
Boulder, Co 80306

EFILED Document
CO Boulder County District Court 20th JD
Filing Date: Jul 7 2011 8:18AM MDT
Filing ID: 38550003
Review Clerk: NA

Court Use Only

**Plaintiff**: Coming to the Court PRO SE
Ronald M. Warner and Barbara Warner
365 Evans
Erie, Colorado 80516
Mailing: P.O. Box 983
Erie, Colorado 80516
Telephone: 720-628-8672
Email: builtwcare@aol.com

**Defendants**: Bank of America NA as successor by merger To "LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-through Certificates WAMU Series 2007-OA4-trust, Bank of America NA, Chase, JP Morgan Chase Bank NA, JP Morgan Chase & Co., Washington Mutual Bank F.K.A. (WAMU), Law Office of Michael P. Medved, P.C., Michael P. Medved, Heather L. Deere

Case Number: 11CV342 —5

*Denied. See Order granting extension of Time to file response*

*Andrew R. Macdonald 7-6-11*

DOCKETED JUDGE

# MOTION FOR DEFAULT JUDGMENT ON PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT

COMES NOW Ronald M. and Barbara Warner whose address is 365 Evans St. Erie, Colorado 80516. We come to the court asking for DEFAULT JUDGMENT on our Motion for Partial Summary Judgment against "Bank Defendants", which include Bank of America NA as successor by merger to "LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-through Certificates WAMU Series 2007-OA4-trust", Bank of America NA, Chase, JP Morgan Chase Bank NA, JP Morgan Chase & Co., Washington Mutual Bank F.K.A. ( WAMU), & the "Medved Defendants" which include the Law Office of Michael P. Medved, P.C., Michael P. Medved, & Heather L. Deere.

We respectfully request that the court deny any request by the "Defendants" for extension of time to file an answer, as the defendants listed above all have all continuously abused the Plaintiffs and courts extensions of time.

A.) The Plaintiffs assert that according to C.R.C.P. 56(e), the "Defendants" had either 14 or 20 days to respond to our motion for partial summary judgment in some manner to the court. It has now been 26 days, as of June 20th, 2011 and they have not. Quoting Rule 56(e): "an adverse party may not rest upon the mere allegations or denials of the opposing party's pleadings, but the opposing party's response by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If there is no response, summary judgment, if appropriate, shall be entered." Since they have ignored this court's rules, we pray for judgment in our favor as previously pleaded.

B.) The Plaintiffs state that the "Defendants" have failed to "appear" for Partial Summary Judgment Motion, and therefore should not be permitted to contest whether they are liable to the Plaintiffs. Instead, the only question in dispute is how much the Plaintiffs should receive in damages as a matter of law.

Quoting 3 Barron & Holtzoff, Fed. Prac. & Proc. 1235 (1950), "the view in most cases and commentators is that, where the motion for summary judgment is supported by depositions or affidavits, the opposing party **must** make a similar presentation to show the existence of a genuine issue or fact, or suffer judgment to be entered."

For additional reference, in Ceconci v. Geosurveys, Inc., 682 P.. 2d 68 (Colo. App.1984); Buttermore v. Firestone Tire and rubber Co., 721 P. 2d 701 (Colo. App. 1986), "It is also proper where plaintiff (or defendant) failed to file a responsive brief or obtain additional time to file and never acted to postpone ruling or to indicate that he intended to challenge

the facts submitted by the defendant ( or plaintiff ) prior to the court's ruling on the motion."

C.) The Plaintiffs also add to our Response to a Motion for More Definite Statement, according to C.R.C.P. 12(e), the party that was served the **original** pleadings, or claims, only has 20 days from when the pleadings were served upon him to even request a More Definite Statement, and all "Defendants" were way past their time frame for request, aside from the fact that they have no position for request.

D.) We have complied, more than once, with C.R.C.P. 121, trying to resolve these issues with Defendants on numerous occasions by phone and mail.

1. This court has subject matter jurisdiction in this matter by virtue of C.R.S. 6-1-101(1).

2. The court also has jurisdiction over all defendants through service completed on April 6th and 7th 2011, following the rules under C.R.C.P. 4.

3. Venue is proper in Boulder County District Court, because the claims stated in this suit were committed, in part, in Boulder County, Colorado. Therefore, venue has been considered and is proper in Boulder County, Colorado pursuant to C.R.S. 6-1-103 and C.R.C.P. 98(c)

4. We believe that none of the Defendants are minors, an incapacitated person, an officer of agency of the state of Colorado, or in the military service as required under C.R.C.P. 121, 1-14

5. We also pray that the court grant us an award for time and costs to prepare this Motion ProSe.

WE HEREBY CERTIFY that this Motion is brought to this Court if Good Faith and is true to the best of our knowledge.

_____     _____
Ronald M. Warner                                     Barbara Warner
6-20-2011                                                  6-20-2011


NOTE: We delivered a copy of this Motion to all defendants and or Attorneys on June 20th by U.S.P.S. mail.

*Barbara Warner 6/20/11*