| | |
|---|---|
| District Court, Boulder County, State of Colorado<br>1777 Sixth Street, Boulder, Colorado 80302<br>(303) 441-3726 | **EFILED Document**<br>**CO Boulder County District Court 20th JD**<br>**Filing Date: Oct 25 2011 9:51AM MDT**<br>**Filing ID: 40535250**<br>**Review Clerk: N/A** |
| **PLAINTIFFS:**<br>RONALD M. WARNER, an individual; and<br>BARBARA WARNER, an individual<br><br>v.<br><br>**DEFENDANTS:**<br>BANK OF AMERICA, N.A.; BANK OF AMERICA, N.A., as successor by merger to LaSalle Bank, N.A., as trustee for Washington Mutual Mortgage Pass-Through Certificates Series 2007-OA4-Trust; CHASE; J.P. MORGAN CHASE BANK, N.A.; J.P. MORGAN CHASE & CO.; WASHINGTON MUTUAL BANK F.K.A.; LAW OFFICE OF MICHAEL P. MEDVED, P.C.; MICHAEL P. MEDVED, an individual; and HEATHER L. DEERE, an individual | |
| | ▲ **COURT USE ONLY** ▲ |
| *Attorney(s) for Plaintiff: Pro se*<br>*Attorney(s) for Bank Defendants:*<br>*Mark C. Willis and Kelly S. Kilgore*<br>*Attorney(s) for Law Firm/Individual Defendants:*<br>*Michael P. Medved and Heather L. Deere* | Case Number: **11CV342**<br>Division 5<br>Courtroom R |

**ORDER RE: DEFENDANTS' MOTIONS FOR MORE DEFINITIVE STATEMENT, DEFENDANTS' MOTIONS TO STRIKE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT, AND PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

This Matter comes before the Court on Defendants' Motions for More Definitive Statement, Defendants' Motions to Strike Plaintiffs' Motion for Partial Summary Judgment, and Plaintiffs' Motion for Partial Summary Judgment.

## I.   BACKGROUND

This action arises out of a dispute related to the foreclosure of the property known as 4227 N. 119th St., Lafayette, CO 80026 (the "Property"). The Warners (Plaintiffs) previously lived on the Property and the Defendant Banks (at different points in time) held a promissory note on the Property. The first action involving these parties (09CV2336) was filed on June 12, 2009. The Law Office of Michael P. Medved represented the Bank Defendants in the 2009 action and alleged that the Warners had defaulted on the promissory note. In that action, the

Court issued an Order Approving Sale of the Property on September 22, 2010. The Warners then filed this action (11CV342) as Plaintiffs on April 4, 2011. The essence of the claims in this action appears to be that the Banks committed fraud or some other wrongful conduct that entitles the Warners to both damages and title to the property. The Law Office of Michael P. Medved, Michael P. Medved, and Heather L. Deere were named as defendants in addition to the Banks ("Law Firm/Individual Defendants"). The Bank Defendants filed this Motion for More Definitive Statement on May 18, 2011. The Law Firm/Individual Defendants moved to join the Motion on May 27, 2011 and the Court approved the joinder on July 7, 2011. Plaintiffs also filed a Motion for Partial Summary Judgment on May 25, 2011. Both groups of Defendants filed a Motion to Strike Plaintiffs' Motion for Partial Summary Judgment.

## II.  STANDARD OF REVIEW

### A.  *Complaint*

C.R.C.P. 12(e) allows a party to "file a motion . . . for a more definite statement of any matter which is not averred with sufficient definiteness or particularity to enable him properly to prepare his responsive pleading." However, Courts should not require expansion of the pleadings through Rule 12(e) when discovery is the proper method for obtaining information. *Morgan v. Brinkhoff*, 358 P.2d 43, 44 (Colo. 1960). Some averments, including fraud, must be "stated with particularity" pursuant to C.R.C.P. 9(b). A Plaintiff should at least state the main facts constituting the fraud. *Fidelity Fin. Co. v. Groff*, 235 P.2d 995, 996 (Colo. 1951); *State Farm Mut. Auto. Ins. Co. v. Parrish*, 899 P.2d 285, 289 (Colo. App. 1994). C.R.C.P. 10(b) requires that "[a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."

### B.  *Summary Judgment*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." C.R.C.P. 56(c). "The purpose of summary judgment is to permit the parties to pierce the formal allegations of the pleadings and save the time and expense connected with trial . . . ." *Peterson v. Halsted*, 829 P.2d 373, 375 (Colo. 1992). Summary judgment is a drastic remedy, and, therefore, it is only properly entered upon a clear showing that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Pueblo W. Metro. Dist. v. Se. Colorado Water Conservancy Dist.*, 689 P.2d 594, 600 (Colo. 1984).

"The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party." *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987); *see also*

C.R.C.P. 56(c).  *See Sullivan v. Davis*, 474 P.2d 218, 221 (Colo. 1970); *see also* C.R.C.P. 56(e). Only where the facts are "so certain as not to be subject to dispute, [is the court] in a position to determine the issue strictly as a matter of law." *Morlan v. Durland Trust Co.*, 252 P.2d 98, 100 (Colo. 1952).    In a motion for summary judgment, "the moving party bears the initial responsibility of informing the court of the basis for his motion and identifying those portions of the record and of the affidavits, if any, which he believes demonstrate the absence of a genuine issue of material fact." *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 712 (Colo. 1987). Summary judgment is not appropriate when the record has not adequately developed relevant factual issues. *Moore v. 1600 Downing St., Ltd.*, 668 P.2d 16, 20 (Colo. App. 1983).

## III. ANALYSIS

### A.  *Complaint*

The Court finds that it must require Plaintiffs to modify their Complaint pursuant to C.R.C.P. 12(e) so that Defendants can better prepare a responsive pleading.  While Plaintiffs do separate each of their claims in their Complaint, they have not complied with C.R.C.P. 10(b). Plaintiffs are advised that it is typical for each sentence of a Complaint to be its own numbered paragraph so that Defendants can respond with specificity to each averment.  Claims in the Complaint are generally comprised of several, short, separately numbered paragraphs.

Plaintiffs must also allege their claims, especially their fraud claims, with greater particularity pursuant to C.R.C.P. 9(b).  Some of Plaintiffs' fraud claims are addressed to all parties when the actions allegedly comprising the fraud or wrongdoing appear to have only been taken by certain parties. *See, e.g.*, Compl. at Claim 4.  There is also very little detail as to what actions constituted the fraudulent conduct.  For example, in Claim 7, Plaintiffs appear to be alleging that Defendants issued a false financial statement.  However, Plaintiff does not specify: 1) what financial document this refers to; 2) what statements in the document are false; or 3) which Defendant "issued" the document.  As another example, in Claim 6 Plaintiffs appear to be alleging that an assignment of trust was never validly performed, but they fail to give any indication as to what general deficiencies in the trust assignment occurred.  At least some detail is required so that Defendants can examine what part of the process might be invalid and respond to the allegation.

These proceedings have not yet reached the point where discovery would be the preferred method for expanding on Plaintiffs' allegations.  Many of the allegations and claims in the Complaint are bare of any relevant factual averments and largely consist of legal conclusions. The Court requires at least some recitation of the events and actions that constitute the factual basis of Plaintiffs' claims so that Defendants can respond. *See Parrish*, 899 P.2d at 289 ("[T]he complaint must at least state the main facts or incidents which constitute the fraud so that the defendant is provided with sufficient information to frame a responsive pleading.").  Plaintiffs are advised that C.R.C.P.  9(b)'s particularity requirement applies to all claims "sounding in

fraud" regardless of the specific label Plaintiffs attach to the claim. *State Farm Mut. Auto. Ins. Co. v. Parrish*, 899 P.2d 285, 289 (Colo. App. 1994).

Therefore, Defendants' Motions for More Definitive Statement are GRANTED. Plaintiffs will have 20 days to file their amended Complaint.

### B. *Summary Judgment*

Summary judgment is not appropriate at this point in the proceedings. Because the Court is requiring Plaintiffs to make a more definite statement pursuant to C.R.C.P. 12(e), the Court is not even equipped with an adequate Complaint, let alone an Answer. The Court certainly cannot find that facts are "so certain as not to be subject to dispute," or that Plaintiffs have demonstrated that there are no disputes as to any material facts, when the Court does not possess a set of pleadings. The record has not been adequately developed for the Court to consider summary judgment at this time.

Therefore, the Defendants' Motions to Strike Plaintiff's Motion for Partial Summary Judgment are GRANTED. Plaintiffs' Motion for Partial Summary Judgment is hereby STRICKEN. Plaintiffs will be permitted to re-file a motion for summary judgment pursuant to C.R.C.P. 56, if they desire, at the appropriate time in the proceedings.

### IV. CONCLUSION

Based on the motions, pleadings and applicable law, Defendants' Motions for More Definitive Statement are GRANTED. Plaintiffs will have 20 days to file their amended Complaint. Defendants' Motions to Strike Plaintiff's Motion for Partial Summary Judgment are GRANTED. Plaintiffs' Motion for Partial Summary Judgment is hereby STRICKEN.

Done this 25th day of October, 2011.

By the Court:

*Andrew R Macdonald*

Andrew R. Macdonald
District Court Judge

4