IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03297-PAB-KLM

RONALD M. WARNER, and
BARBARA WARNER,

    Plaintiffs,

v.

BANK OF AMERICA NA, as successor by merger to "LaSalle Bank NA as Trustee for Washington Mutual Mortgage Pass-through Certificates WAMU Series 2007-OA4-trust; Bank of America NA, successor, LaSalle Bank NA, trustee, Washington Mutual Mortgage Pass-through Certificates WAMU Series 2007-OA4-trust,
CHASE,
JP MORGAN CHASE BANK NA,
JP MORGAN CHASE & CO.,
WASHINGTON MUTUAL BANK, formerly known as WAMU,
LAW OFFICE OF MICHAEL P. MEDVED, P.C.,
MICHAEL P. MEDVED, and
HEATHER L. DEERE,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' "Motion for Court to Consider Reversible Error for Lack fo Due Process or a Rule 60(b) Order Regarding Case #09CV2336DIV.5"** [Docket No. 23; Filed December 19, 2011]; **Defendants Law Office of Michael P. Medved, P.C., Michael P. Medved, and Heather L. Deere's Motion for More Definite Statement** [Docket No. 27; Filed December 22, 2011]; and the **Unopposed Motion for Extension of Time for the Bank Defendants to Respond to Plaintiffs' Amended Complaint** [Docket No. 30; Filed December 22, 2011].

    In their "Motion for Court to Consider Reversible Error . . ." [#23], Plaintiffs have not complied with D.C.COLO.LCivR 7.1A., which requires meaningful conferral with counsel for the opposing parties before the filing of a motion (other than motions filed pursuant to

1

Fed. R. Civ. P. 12 or 56).[1]  Although Plaintiffs proceed *pro se*, they must comply with the same rules of procedure that govern all civil litigants in this District.  *See Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Accordingly,

      IT IS HEREBY **ORDERED** that **Plaintiffs' "Motion for Court to Consider Reversible Error . . ."** [#23] is **DENIED WITHOUT PREJUDICE** for Plaintiffs' failure to comply with D.C.COLO.LCivR 7.1A.

      The Court further notes that Plaintiffs provide no legal authority for the relief they request in the Motion.  Furthermore, based on the allegations stated in the Motion, the Court does not have subject matter jurisdiction over the relief requested in any event.  *See Hahn v. U.S. Bank*, No. 11-cv-02752-BNB, 2011 WL 6370495 (D. Colo. Dec. 20, 2011) (finding that the *Rooker-Feldman* doctrine barred review of a Colorado Rule 120 proceeding).

      IT IS FURTHER **ORDERED** that **the Medved Defendants' Motion for More Definite Statement** [#27] is **GRANTED** as follows.  Pursuant to D.C.COLO.LCivR 8.1, *pro se* parties must use the forms established by this District to file an action.  The Court recognizes that Plaintiffs did not initiate this case in federal court; however, in the interests of efficiency and clarity, the Court instructs Plaintiffs to file a Second Amended Complaint on the appropriate *pro se* forms on or before **January 12, 2012**.  The forms are available on the District's website at: http://www.cod.uscourts.gov/RepresentingYourself.aspx

      IT IS FURTHER **ORDERED** that the Clerk of Court is directed to mail a copy of the appropriate *pro se* forms to Plaintiffs at the address listed on the docket.

      IT IS FURTHER **ORDERED** that **the Bank Defendants' Unopposed Motion for Extension of Time** [#30] is **GRANTED** as follows.  All Defendants shall answer or otherwise respond to Plaintiffs' Second Amended Complaint within ***fourteen calendar days*** of its filing.

      Dated:  December 27, 2011

---

[1] It appears that Plaintiffs originally filed this Motion in the Boulder County District Court.  This lawsuit was removed from Boulder County District Court on December 15, 2011.