IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03297-PAB-KLM

RONALD M. WARNER, and
BARBARA WARNER,

      Plaintiffs,

v.

BANK OF AMERICA NA, as successor by merger to "LaSalle Bank NA as Trustee for
Washington Mutual Mortgage Pass-through Certificates WAMU Series 2007-OA4-trust,
JP MORGAN CHASE BANK NA,
JP MORGAN CHASE & CO.,
WASHINGTON MUTUAL BANK, formerly known as WAMU,
LAW OFFICE OF MICHAEL P. MEDVED, P.C.,
MICHAEL P. MEDVED, and
HEATHER L. DEERE,

      Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiffs' Motion to Remand** [Docket No. 35;

Filed January 9, 2012]; **Defendant Deere's Motion to Dismiss** [Docket No. 45; Filed

February 6, 2012]; **Defendant Medved's Motion to Dismiss** [Docket No. 46; Filed

February 6, 2012]; and **Defendant Law Office of Michael P. Medved, P.C.'s Motion to**

**Dismiss** [Docket No. 47; Filed February 6, 2012] (collectively, the "Motions"). The Motions

are referred to this Court for recommendation [## 44, 48]. The Court has reviewed the

Motions, the entire record, and the applicable case law, and is fully advised in the premises.

For the reasons stated below, the Court respectfully **RECOMMENDS** that this lawsuit be

*sua sponte* remanded to the District Court for Boulder County, Colorado; Plaintiffs' Motion

to Remand [#35] be **DENIED AS MOOT**; and the Medved Defendants' Motions to Dismiss [## 45, 46, 47] be **DENIED AS MOOT**.

## I.    Summary of the Case

Plaintiffs, who proceed *pro se*, initiated this lawsuit in the District Court for Boulder County, Colorado, on April 4, 2011 [#2].  The Court ascertains that Plaintiffs' claims arise from foreclosure on certain properties allegedly owned by Plaintiffs.  Defendants removed the case to this Court on December 15, 2011, on the basis that Plaintiffs' Amended Complaint [#15] filed in state court asserted claims pursuant to the Truth in Lending Act and the Home Ownership and Equity Protection Act, and thus met the requirements for the exercise of federal subject matter jurisdiction premised on a federal question.  *See* [#1].

On December 27, 2011, the Court granted Defendants' request for a more definite statement, and instructed Plaintiffs to file a Second Amended Complaint using the prescribed *pro se* litigation forms [#34].  On January 9, 2012, Plaintiffs filed a motion to remand, asking the Court to remand the lawsuit because the Defendants did not confer with Plaintiffs before removing the matter, and Defendants Deere, Medved, and Law Office of Michael Medved (the "Medved Defendants") did not comply with the timing requirements stated in the federal removal statute.  *See* [#35].

Plaintiffs then filed their Second Amended Complaint, which is the operative pleading, on January 23, 2012 [#39].  Plaintiffs bring fourteen claims for relief in the Second Amended Complaint.  *See id.*  Eleven of the fourteen claims are premised on Colorado statutes and state tort law; the remaining three claims describe allegations against the Medved Defendants based on Fed. R. Civ. P. 11.  *See id.*

## II.    Analysis

The jurisdictional questions at issue in this matter are very similar to those adjudicated in *Kaplan v. GMAC Mortgage Corporation*, No. 11-cv-00100-MSK-MEH, 2011 WL 3793760 (D. Colo. Aug. 24, 2011).   *Kaplan* also evaluated a lawsuit initially filed in Colorado state court concerning a foreclosure action.   In *Kaplan*, the plaintiff moved to remand his removed case, and then filed an Amended Complaint which did not contain any federal claim that could give rise to federal question jurisdiction.   The *Kaplan* Court assumed that the action was properly removed on the basis of federal question jurisdiction pursuant to the original complaint, but recognized that the plaintiff, "by amendment, dismissed those federal claims, electing instead to pursue only those remedies offered under state law."  2011 WL 3793760 at *2.  Pursuant to 28 U.S.C. § 1367(c)(3), the *Kaplan* Court found that even though it may have exercised supplemental subject matter jurisdiction over the attendant state law claims due to the initial presence of a federal claim, "the dismissal of all potential federal claims typically warrants the Court declining to continue to exercise such supplemental jurisdiction."  *Id.*  The *Kaplan* Court thus *sua sponte* remanded the case based on 28 U.S.C. § 1447(c), in light of the plaintiff's "dismissal-by-amendment of his federal law claims."  *Id.*

When they filed their Second Amended Complaint in this matter, Plaintiffs, with the exception of the three asserted Rule 11 violations, dismissed the federal question claims that presumably gave rise to the grounds for removal stated in the Amended Complaint. The three Rule 11 "claims", however, do not warrant a proper exercise of subject matter jurisdiction based on federal question because Rule 11 does not provide a private cause

of action.[1]  In the absence of legitimate federal question claims, and considering Plaintiffs'

clear intent to avoid federal court jurisdiction,[2] the Court recommends that the exercise of

supplemental jurisdiction over the remaining state law claims asserted in the Second

Amended Complaint be declined.  *See Preston v. Capital One Auto Finance, Inc.*, No. 10-

cv-0073-ZLW-KLM, 2010 WL 2004697, at *3-4 (D. Colo. May 19, 2010) (noting that where

federal claims are dismissed before trial, a federal court should decline to exercise

supplemental jurisdiction over remaining state law claims).

## III.    Conclusion

28 U.S.C. § 1447(c) prescribes that "[i]f at any time before final judgment it appears

that the district court lacks subject matter jurisdiction, the case shall be remanded."  Similar

to the *Kaplan* determination, this Court finds that Plaintiffs have voluntarily dismissed all

bases for federal question jurisdiction by filing the Second Amended Complaint.[3]

Accordingly,

---

[1]  By the plain language of the Rule, Rule 11 allows for a party to move for sanctions only by motion.  "The sanctions contemplated by Rule 11 allow the presiding judge in a proceeding to punish parties for improper actions committed during that proceeding."  *Mitchell v. Alcorn*, No. 09-cv-01652-MSK-BNB, 2010 WL 865855, at *4 (D. Colo. Mar. 8, 2010).  However, Rule 11 "does not create a private cause of action that can be used collaterally by a court in one proceeding to punish parties for misconduct committed in a different proceeding."  *Id.*

[2]  "Under the longstanding well-pleaded complaint rule, ... a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citation omitted).  Further, a "[d]efendant's right to remove and [a] plaintiff's right to choose his forum are not on equal footing; ... where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001) (citation omitted).

[3]  As stated herein, the three Rule 11 claims are not true claims for purposes of a jurisdictional analysis, but are allegations that the Medved Defendants violated Rule 11 in the underlying state court foreclosure proceeding.  Notably, Fed. R. Civ. P. 11 would not govern the underlying state court proceeding, as the Federal Rules apply only to federal proceedings.

The Court respectfully **RECOMMENDS** that this lawsuit be *sua sponte* **REMANDED** to the District Court for Boulder County, Colorado.

The Court FURTHER **RECOMMENDS** that Plaintiffs' Motion to Remand [#35] be **DENIED AS MOOT**, and the Medved Defendants' Motions to Dismiss [##45, 46, 47] be **DENIED AS MOOT**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

IT IS FURTHER **ORDERED** that the Scheduling Conference set for March 29, 2012, is **VACATED**.

Dated:  February 8, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge